UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OOMPH INNOVATIONS LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHENZHEN BOLSESIC ELECTRONICS CO. LTD., et al.,<br><br>　　　　Defendants. | Case No.  5:18-cv-05561-EJD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 37 |

Before the Court is Plaintiff Oomph Innovations LLC's ("Plaintiff") Motion for Default Judgment. Dkt. No. 37 ("Mot."). Defendants Shenzhen Bolesic Electronics Co., LTD. ("SBE"), Guangzhou WellTop Electronic Co., Ltd. ("WellTop"), and UKLISS Electric Appliance Co., Ltd. ("UKLISS" and together with SBE and WellTop, "Defendants") have neither answered nor appeared in the action. The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7-1(b). Having considered Plaintiff's motion and supporting documents, the Court **GRANTS** Plaintiff's motion for default judgment.

**I.　BACKGROUND**

Plaintiff manufactures, markets, and sells a hair volumizing product called VOLOOM. Declaration of William Schwartz ("Schwartz Decl."), ¶ 4, Dkt. No. 37-4. Plaintiff secured patent rights to this unique product under U.S. Patent No. 8,839,802 ("Patent"). *Id*. Plaintiff also obtained common law copyrights for its original works of authorship used for the promotion and sale of VOLOOM. *Id*. Plaintiff alleges that Defendants sold hair volumizing products similar in design to VOLOOM that violate Plaintiff's patent ("Accused Products"). *See* Compl. ¶¶ 27-39, Dkt. No. 1. Plaintiff further contends that Defendants' packaging and promotional materials for

Case No.: 5:18-cv-05561-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
1

the Accused Products violate Plaintiff's copyrights. *See id.* ¶¶ 44-49.

Plaintiff sent Defendants cease and desist letters and made take down requests to various online retailers, but Defendants' infringement continued. Ex. K, 2, Dkt. No. 1-11. On September 11, 2018, Plaintiff filed its Complaint, bringing claims for patent infringement under 35 U.S.C. § 271 and copyright infringement under 17 U.S.C. § 501. Compl. ¶¶ 64, 74. On September 24, 2018, Defendants were served with notice of the Complaint. Certificate of Service, Dkt. No. 12. On October 3, 2018, this Court granted Plaintiff's motion for a preliminary injunction and the next day Defendants were served with notice of the Court's order. Order Granting Ex Parte Application for Interim Injunctive Relief, Dkt. No. 15; Certificate of Service, Dkt. No. 16. The Court later extended the preliminary injunction. Order Granting Motion to Extend Interim Injunction, Dkt. No. 23.

Despite notice of the Court's orders and Plaintiff's repeated efforts to engage with Defendants, Defendants infringement has continued. Compl. ¶¶ 50-52; Schwartz Decl. ¶¶ 9, 19-21. On July, 25, 2019, an employee of Defendant UKLISS sent an email to Plaintiff, which expressly stated "I'm sorry I have infringed your intellectual property rights." Ex. A ("UKLISS Email"), 9-23, Dkt. No. 37-4. The UKLISS Email goes on to assert various features that purportedly distinguish between the Accused Products and Plaintiff's patented products, such as color and small structural differences. *Id.*

None of the Defendants have ever appeared in this action. The Clerk entered default against Defendant SBE on January 27, 2020, and against Defendants WellTop and UKLISS on June 19, 2020. Notice of Entry of Default, Dkt. Nos. 29, 34. On July 30, 2020, Plaintiff filed the present motion for default judgment. Defendants have not responded.

**II.    LEGAL STANDARD**

Default judgment may be granted when a party fails to plead or otherwise defend against an action for affirmative relief. Fed. R. Civ. P. 55(a). Discretion to enter default judgment rests with the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When deciding whether to enter default judgment, the court considers:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the underlying default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 10 Moore's Federal Practice § 55). In evaluating these factors, all factual allegations in the complaint are taken as true, except those relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### III.  DISCUSSION

#### A.  Jurisdiction

Before entering default judgment, a court must determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defendant. *See In re Tulli*, 172 F.3d 707, 712 (9th Cir. 1999) ("A judgment entered without personal jurisdiction over the parties is void."). Plaintiff alleges that Defendants committed patent infringement under 35 U.S.C. § 271 and copyright infringement under 17 U.S.C. § 501. Compl. ¶¶ 64, 74. Because Plaintiff's claims invoke federal law, the Court has federal question jurisdiction over the dispute. *See* 28 U.S.C. § 1331. The Court has personal jurisdiction over Defendants under the California long arm statute, Civ. Proc. Code § 410.10 or, alternatively, under the Federal long-arm statute, Fed. R. Civ. Proc. 4(k)(2), because Defendants have sold products to residents of California, including Plaintiff, through interactive Internet websites. *See Mysfyt, Inc. v. Lum*, 2016 WL 6962954 at *3 (N.D. Cal., Nov., 29, 2016) (finding that personal jurisdiction is appropriate where an entity is conducting business over the Internet and has offered for sale and sold products to forum residents). Venue lies properly within this District pursuant to 28 U.S.C. § 1391.

#### B.  *Eitel* Factors

##### 1.  Possibility of Prejudice to the Plaintiff

Under the first *Eitel* factor, the Court considers whether the plaintiff will suffer prejudice if default is denied. *See Bd. of Trustees, I.B.E.W. Local 332 Pension Plan Part A v. Delucchi Elec., Inc.*, 2020 WL 2838801, at *2 (N.D. Cal. June 1, 2020) (citing *PepsiCo, Inc. v. Cal. Security*

Case No.: 5:18-cv-05561-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
3

*Cans*, 283 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). A plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. *JL Audio, Inc. v. Kazi*, 2017 WL 4179875, at *3 (C.D. Cal. Sept. 18, 2017).

Plaintiff alleges that Defendants infringed upon Plaintiff's patent and copyright protections. *See* Compl. ¶¶ 60-77. Because Defendants have not appeared in this matter, Plaintiff will be without any other recourse for recovery unless default judgment is granted. *See*, *e.g.*, *Levi Strauss & Co. v. Toyo Enter. Co.*, 665 F. Supp. 2d 1084, 1095 (N.D. Cal. 2009) (finding prejudice absent a default judgment in a case where defendants failed to appear because plaintiff would be unable to prevent continued infringement of its intellectual property rights). Accordingly, the first *Eitel* factor weighs in favor of the entry of default judgment.

### 2. Substantive Merits and Sufficiency of the Claims

Courts often consider the second and third *Eitel* factors together. *See Bd. of Trustees, I.B.E.W. Local 332 Pension Plan Part A,* 2020 WL 2838801, at *2 (citing *PepsiCo, Inc.*, 283 F. Supp. 2d at 1177). These factors assess the substantive merit of the movant's claims and the sufficient of the pleadings. The movant must "state a claim on which [it] may recover." *Id.* at 1177.

Plaintiff seeks relief for Defendants' (1) patent infringement under 35 U.S.C. § 271, and (2) copyright infringement under 17 U.S.C. § 101. Compl. ¶¶ 60-77. To state a claim for patent infringement under 35 U.S.C. § 271, Plaintiff must establish the following five elements "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. 19-cv-05611-PJH, 2020 U.S. Dist. LEXIS 16368, at *25 (N.D. Cal. Jan. 31, 2020) (quoting *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013)) (internal quotation marks omitted).

In it's Complaint, Plaintiff named each Defendant and alleged ownership of the infringed patent, U.S. Patent No. 8,839,802. Ex. A, Dk. No. 1-1. Plaintiff alleges that Defendants directly

Case No.: 5:18-cv-05561-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
4

infringed and continue to directly infringe its Patent by making, using, selling, and/or offering for sale the Accused Products, which share the patented characteristics of Plaintiff's product. Compl. ¶ 62. Plaintiff further alleges that Defendants indirectly infringed and continue to indirectly infringe its Patent by contributing to the making, using, selling, and/or offering for sale the Accused Products. Compl. ¶ 63. Thus Plaintiff alleges that Defendants committed one or more methods of infringement set forth by 35 U.S.C. § 271 (a)-(c). Compl. ¶ 64. The Court finds that these pleadings for patent infringement are sufficient under 35 U.S.C. § 271.

To state a claim for copyright infringement under 17 U.S.C. § 101, Plaintiff must allege two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Adobe Sys. v. Tanvir*, No. 16-cv-6844 CRB, 2017 U.S. Dist. LEXIS 108934, at *14 (N.D. Cal. July 13, 2017) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)).

Plaintiff alleges ownership of a valid copyright. Compl. ¶¶ 20-26, 70; Exs. B-D, Dkt. Nos. 1-2, 1-3, 1-4. Plaintiff further alleges that Defendants copied elements of Plaintiff's original copyrighted works without permission, consent, or license from Plaintiff. Compl. ¶¶ 71-72. Taking the allegations in the Complaint as true, the Court finds that Defendants infringed Plaintiff's valid copyrights in violation of 17 U.S.C. § 101, *et seq.*, including 17 U.S.C. § 501.

Plaintiff's Complaint is sufficient and sets forth meritorious claims for both patent and copyright infringement. Thus, Plaintiff satisfies the second and third *Eitel* factors.

### 3. Sum of Money in Dispute

"When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trustees v. Core Concrete Const., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), *report and recommendation adopted*, No. C 11-02532 JSW, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012). However, "where the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citing *Bd. of Trs. of the Sheet Metal Workers Health Care Plan v. Superhall Mechanical, Inc.*, 2011 WL 2600898 at *2 (N.D. Cal. Jun. 30, 2011)). Here, Plaintiff seeks damages for lost profits,

Case No.: 5:18-cv-05561-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
5

enhancement of its lost profits, as well as attorneys' fees and costs for a total judgment of $566,905.70. Mot. 3-13. Plaintiff calculated lost profits by multiplying the estimated number of Accused Products that Defendants sold by the average price of those products. *Schwartz Decl.* ¶¶ 16-18. Plaintiff also seeks enhanced damages pursuant to 35 U.S.C. § 284 based on Defendants' willful misconduct. Mot. 6; Compl. ¶ 64. The Court finds that these measures of damages are reasonably and sufficiently tailored to Defendants' misconduct. Thus, this factor weighs in favor of entering default judgment.

### 4. Possibility of Dispute Concerning Material Facts

Under the fifth *Eitel* factor, the Court considers whether there is a possibility of a dispute over material facts. *Eitel*, 782 F.2d at 1471-72. Here, the Complaint asserts patent infringement and copyright infringement. Compl. ¶¶ 60-77. Defendants have neither appeared nor answered Plaintiff's Complaint. Thus, there are no disputes as to Plaintiff's allegations. *See TeleVideo Systems, Inc.*, 826 F.2d at 917-18 (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint . . . will be taken as true."). Moreover, Plaintiff submitted evidence of a UKLISS representative expressly admitting to infringement. *See* UKLISS Email ("I'm sorry I have infringed your intellectual property rights"). Plaintiff also submitted evidence of the alleged infringing features of Defendants' Accused Products by directly purchasing the products and obtaining public information from Defendants' websites. Exs. E, G, H, J, Dkt. Nos. 1-5, 1-7, 1-8, 1-10.

In light of this substantial evidence, the possibility of dispute concerning material facts is minimal and does not prevent default judgment.

### 5. Excusable Neglect

The sixth *Eitel* factor concerns the possibility that the underlying default was due to excusable neglect. *Eitel*, 782 F.2d at 1472. There are no facts indicating excusable neglect by Defendants. Defendants were served with the Complaint and with each subsequent order of this Court. Certificate of Service, Dkt. No. 12; Certificate of Service, Dkt. No. 16; Certificate of Service, Dkt. No. 25. Furthermore, Defendants appear to have been on notice of the infringement

Case No.: 5:18-cv-05561-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
6

claims. *See* UKLISS Email; Ex. L, Dkt. No. 1-12. Thus, this factor does not prevent default judgment.

### 6. Strong Policy Favoring Decisions on the Merits

Although public policy strongly favors deciding each case on its merits, default judgment is appropriate where a defendant refuses to litigate a case and where default judgment is the plaintiff's only recourse against the defendant. *See Core Concrete Constr., Inc.*, 2012 WL 380304, at *4; *Carlson Produce, LLC v. Clapper*, 2020 WL 533004, at *5 (N.D. Cal Feb. 3, 2020); *see also United States v. Roof Guard Roofing Co., Inc.*, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome."). Here, Defendants have made no appearance and have refused to litigate.

All of the *Eitel* factors support default judgment. Therefore, the Court **GRANTS** Plaintiff's motion for default judgment.

### C. Relief Requested

#### 1. Damages

Plaintiff seeks $109,330 in damages, before enhancement, based on its lost profits due to Defendants' infringement. Section 284 of the Patent Act requires the courts to award the patent owner "damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. "Damages adequate to compensate" is defined as "full compensation for 'any damages' [the patent owner] suffered as a result of the infringement." *Mentor Graphics Corporation v. EVE-USA, Inc.*, 851 F.3d 1275, 1283 (Fed. Cir. 2017).

Plaintiff relies on information provided in the UKLISS Email to calculate a reasonable estimate of how many Accused Products were sold in total. The UKLISS Email includes three tables, one for each of three infringing products identified by unique Amazon Standard Identification Numbers ("ASINs"). The tables show the number of purchases per product that UKLISS refunded in 2018 after learning about Plaintiff's infringement allegations. The tables

1    indicate that as of July 25, 2019 when the UKLISS Email was sent, UKLISS had refunded 35

2    purchases of the first Accused Product, 20 purchases of the second, and 3 purchases of the third.

3    Plaintiff reasonably concludes that UKLISS sold at least 58 units, the number of units for which it

4    had issued refunds, or an average of 20 units per Accused Product.

5        Plaintiff then applies that average of 20 units per Accused Product to the total number of

6    Accused Products that Plaintiff identified.  Plaintiff identified 283 Accused Products on Amazon,

7    each with unique ASINs.  Plaintiff further identified 36 Accused Products on third party websites.

8    Schwartz Decl. ¶ 16, Exhibits B, C.  Thus, Plaintiff identified a total of 319 Accused Products in

9    addition to the 3 Accused Products listed in the UKLISS Email.  Mr. Schwartz states that he

10   identified a total of 377 Accused Products, however, this number appears to be calculated by

11   adding the total number of *units* sold by UKLISS (58) to the total number of *products* identified

12   on Amazon (283) and third party websites (36).  The correct number of total Accused Products is

13   reached by using the number of products UKLISS identified in its email (3), not the number of

14   units it sold.  Applying the average of 20 units per product to all 319 additional Accused Products

15   identified yields an estimated 6,380 units sold.  Adding in the 58 units sold by UKLISS, we can

16   reasonably estimate that a total of 6,438 units of Accused Products were sold.

17       Plaintiff asserts that these products are sold for an average price of $58.  Schwartz Decl. ¶

18   17.  This average price multiplied by the total units sold yields $373,404 in estimated revenue.

19   Plaintiff assumes an average profit margin of 25%, which when multiplied by the total revenue,

20   produces $93,351 in estimated profit.  The Court's calculation results in different figures than

21   Plaintiff's calculation because Plaintiff overstated the number of Accused Products identified.

22   The Court nevertheless finds that Plaintiff's method of calculating damages is reasonable and that

23   the resulting amount represents a fair measure of the damages Plaintiff suffered as a result of the

24   infringement.

25       Plaintiff further requests that the Court grant enhanced damages at the maximum amount

26   permitted by statute.  Section 284 of the Patent Act further provides that courts "may increase the

27   damages up to three times the amount found or assessed" in cases of infringement.  35 U.S.C. §

28   Case No.: 5:18-cv-05561-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
8

284. Whether and to what extent enhanced damages are awarded is at the discretion of the Court. *See Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1932 (2016). Generally, conduct that may be described as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate" warrants enhanced damages. *Id.*

Plaintiff repeatedly attempted to address the infringement issue with Defendants by engaging in activities such as removing their infringing Amazon listings and sending cease and desist letters. Schwartz Decl. ¶ 19-22 (citing Ex. A-C, Dkt. No. 37-4). Despite Plaintiff's efforts, Defendants continued to market and sell Accused Products, effectively violating the Court's preliminary injunction. *Id.* The Court finds that continuing to sell Accused Products after expressly admitting that the products infringe on Plaintiff's patent rights demonstrates consciously wrongful, deliberate, and bad faith conduct. *See* UKLISS Email. Thus, Defendants' conduct is indeed of the sort that warrants enhanced damages. *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 508 (1964) (reasoning that plaintiffs "could in a case of willful or bad-faith infringement recover punitive or 'increased' damages"). Under these circumstances, the Court awards Plaintiff enhanced damages in the amount of three times Plaintiff's lost profits, totaling $280,053.00.

### 2. Attorneys' Fees

Pursuant to Section 285 of the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Court may use its discretion to determine whether this case is "exceptional." *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2017). "Criteria for declaring a case exceptional include willful infringement, bad faith, litigation misconduct, and unprofessional behavior." *Govino, LLC v. WhitePoles LLC*, No. 416-CV-06981-JSW (KAW), 2017 WL 6442187, at *11 (N.D. Cal. Nov. 3, 2017) (emphasis added), *report and recommendation adopted*, No. 16- CV-06981-JSW, 2017 WL 6442188 (N.D. Cal. Dec. 11, 2017) (citing *nCube Corp. v. Sea Change Int'l, Inc.*, 436 F.3d 1317, 1319 (Fed. Cir. 2006)). In light of the evidence of Defendants' willful infringement discussed above, the Court finds that the present case is exceptional.

Case No.: 5:18-cv-05561-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
9

To calculate an award of attorneys' fees, district courts apply "the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015). "A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (quotation marks and citation omitted). "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorneys' own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camancho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quotation marks and citation omitted). The party requesting fees also bears "the burden of submitting billing records to establish that the number of hours" requested are reasonable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The number of hours should not exceed the number of hours that reasonable competent counsel would bill for similar services. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Courts may reduce the hours expended "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [and] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986).

Four attorneys represent Plaintiff: Gregory L. Hillyer from Hillyer Legal, PLLC, and Todd M. Malynn, Hannah T. Yang, and Q.M. Chen from Polsinelli LLP. Declaration of Todd Malynn ("Malynn Decl."), Dkt. No. 37-2; Declaration of Gregory Hillyer ("Hillyer Decl."), Dkt. No. 37-3. Plaintiff seeks $221,229.00 in attorneys' fees, which reflects a total of 442.48 attorney hours and 13.55 support staff hours on this case across the span of 22 months. *See* Malynn Decl. ¶ 5; Hillyer Decl. ¶ 5; Ex. A ("Polsinelli Invoices"), Dkt. No. 37-2; Ex. A ("Hillyer Invoices"), Dkt. No. 37-3. Mr. Hillyer, the Director of Litigation at Hillyer Legal, PLLC, billed at a rate of $550 per hour and worked 290.18 hours on this matter, totaling $155,599.00. *See* Hillyer Decl. ¶ 3. Mr. Malynn is a Principal at Polsinelli LLP and billed at a rate of $480 per hour for 72 hours and $560 per hour 6.5 hours for this matter, totaling $38,200.00. *See* Malynn Decl. ¶ 3. Ms. Yang is an Associate at Polsinelli LLP and billed at a rate of $290 per hour for 72.9 hours, totaling $21,141.00. *See id.*

Case No.: 5:18-cv-05561-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
10

Quynh M. Chen is also an Associate at Polsinelli LLP and billed 0.9 hours in this case at a rate of $285 per hour, totaling $256.50. *See id.* Two support staff members from Hillyer LLP, Chris Katsantonis and Christine Austin, also assisted in this case. Hillyer Decl. ¶¶ 2-3. They billed 12.55 hours and 1 hour, respectively, at a rate of $150 per hour, totaling $2,032.50. *Id.*

The Court finds that these attorneys' rates are reasonable and in line with the prevailing rates for attorneys of similar skill and experience in this District. *See, e.g., Superior Consulting Servs., Inc. v. Steeves-Kiss*, No. 17-cv-06059-EMC, 2018 WL 2183295, at *5 (N.D. Cal. May 11, 2018) (noting that "district courts in Northern California have found that rates of $475-$975 per hour for partners and $300-$490 per hour for associates are reasonable."); *see also Perfect 10, Inc. v. Giganews, Inc*., CV 11-07098-AB (SHx), 2015 WL 1746484, at *20-21 (C.D. Cal. Mar. 24, 2015) (finding reasonable hourly fees in intellectual property case for partners from $610 to $930 and for associates from $360 to $690). The Court further finds that the hours expended were reasonable and supported by billing records that "account for these hours with what appear to be legitimate efforts at advancing the litigation and advocating for their client." *See ADG Concerns, Inc. v. Tsalevich LLC*, No. 18-CV-00818-NC, 2018 WL 4241967, at *14 (N.D. Cal. Aug. 31, 2018), *report and recommendation adopted,* No. 18-CV-00818-JSW, 2018 WL 6615139 (N.D. Cal. Nov. 1, 2018); *see also* Polsinelli Invoices; Hillyer Invoices.

A prevailing party may also recover reasonable paralegal fees. *See, e.g.*, *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *see also Tehrani v. Hamilton Med., Inc.*, 2001 U.S. Dist. LEXIS 26067, at *8 (C.D. Cal. Dec. 19, 2001) ("Under Jenkins, the cost of support staff is recoverable as a part of reasonable attorneys fees" under 35 U.S.C. § 285). Mr. Katsantonis and Ms. Vega's rate is commensurate with those charged in the local legal community. *Perfect 10*, 2018 WL 2183295, at *5 (finding reasonable hourly fees for paralegals from $240 to $345). Additionally, the hours the paralegals expended are reasonable and supported by billing records evidencing legitimate efforts to advance the litigation. Accordingly, Plaintiff's request for attorneys' fees is **GRANTED** in full**.**

Case No.: 5:18-cv-05561-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
11

### 3. Costs

Prevailing parties are entitled to recover taxable costs pursuant to Federal Rules of Civil Procedure 54 and 28 U.S.C. § 1920.  Under 35 U.S.C. §§ 284-85, courts have discretion to award non-taxable costs and expenses irrespective of whether a case is found to be "exceptional."  *See* 35 U.S.C. § 284; *Central Soya Co., Inc. v. Geo A. Hormel & Co.,* 723 F.2d 1573, 1578 (Fed. Cir. 1983) ("[W]e interpret attorney fees [under § 285] to include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit."); *see also Lam, Inc. v. Johns–Manville Corp.,* 718 F.2d 1056, 1069 (Fed.Cir.1983) ("[S]ection 285 permits the prevailing party to recover disbursements that were necessary for the case.").

In non-taxable costs, Hillyer Legal incurred $352.70 and Polsinelli incurred $2,729.00, totaling $3,081.70; these amounts from computerized legal research, PACER, and other costs. Hillyer Decl. ¶ 5, Dkt. No. 37-3; Malynn Decl. ¶ 5, Dkt. No. 37-2.  To effectuate service of process on the Defendants, Plaintiff worked with Crowe Foreign Services, which charged Plaintiff $14,605.00.  Ex. B, Dkt. No. 37-2.  This amount included translation services and other activities necessary to serve Defendants, all residents of China, internationally.  *Id.*  These figures are reasonable given the totality of the circumstances and the supporting documentation provided. Therefore, the Court **GRANTS** Plaintiff's request for $17,686.70 in costs.

### 4. Permanent Injunction

Plaintiff must meet a four-factor test to obtain a permanent injunction: (1) it suffered an irreparable injury; (2) the remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) a remedy in equity is warranted in light of the balance of hardships between the Plaintiff and Defendants; and (4) a permanent injunction would not undermine public interest.  *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142 (Fed. Cir. 2011).

Plaintiff argues that it has suffered irreparable injury because (i) the Accused Products directly compete with Plaintiff's patented product; (ii) Defendants promote these Accused Products through false and improper comparisons to Plaintiff's patented product; (iii) Defendants'

Case No.: 5:18-cv-05561-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
12

1   product comparisons have usurped Plaintiff's market position and erode Plaintiff's reputation with
2   its consumers; and (iv) Plaintiff is in an emerging market which depends, in part, on referral
3   business.  Schwartz Decl. ¶¶ 8, 23-28.  The Court agrees.  The Court further agrees that there is no
4   adequate remedy at law to address Plaintiff's injuries, which include its loss of U.S. market share
5   and the damage to its reputation caused by Defendants' ongoing infringement.  *Id.* ¶ 34.

6   The balance of hardships weighs in favor of granting injunctive relief because Defendants
7   do not have a right to sell Accused Products, violate Plaintiff's copyrights, or make false and
8   misleading claims regarding the Accused Products or Plaintiff's product.  On the other hand,
9   Plaintiff has a right to protect its intellectual property and has and will continue to suffer
10  irreparable harm and competitive damage from Defendants' activities in the absence of injunctive
11  relief.  Finally, the public has an interest in preventing products that infringe on U.S. patents from
12  entering the U.S. market.

13  The Court, therefore, **GRANTS** Plaintiff's request for a permanent injunction.

## IV.   CONCLUSION AND ORDER

In light of the foregoing, Plaintiff's motion for default judgment is **GRANTED**.  Plaintiff's request for enhanced damages is **GRANTED** in the amount of $280,053.00.  Plaintiff's request for attorneys' fees and costs in the amounts of $221,229.00 and $17,686.70, respectively, is **GRANTED**.

Plaintiff's request for a permanent injunction is **GRANTED**.  It is hereby ordered that Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants, are immediately restrained and permanently enjoined:

a.   From directly or indirectly using, making, having made, purchasing, importing, advertising, promoting, offering to sell, selling, distributing, transferring, or otherwise disposing of any hair volumizing iron products (including without limitation the hair volumizing iron marked "Hair Volumizing Iron Flat Iron") that infringe U.S. Patent 8,839,802, issued September 23, 2014, entitled "Hair Volumizing Device That Employs Individual Teeth Without Leaving A Visible

Case No.: 5:18-cv-05561-EJD
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
13

Pattern" ("the '802 Patent");

  b. From reproducing, publishing, distributing, or transferring volumizing hair product labels, packaging, manuals, instructions, or other published materials, including on the Internet, that are the same or substantially similar to, or otherwise infringing any of, the exclusive rights in 17 U.S.C. § 106, with respect to Plaintiff's copyrighted works; and

  c. From reproducing, publishing, distributing, or transferring materials that claim ETL, UL, or other safety certification without proof of same;

  d. From knowingly instructing, aiding, abetting or conspiring with any other person or business entity in engaging in any of the activities referred to in subparagraphs (a) through (c) above.

Any Internet marketplace website operators and/or administrators, or any third-party providing services in connection with any Defendant, any of Defendants' infringing products and/or any of Defendants' websites, including without limitation, ukliss.com, Amazon.com, Alibaba.com, eBay.com, and ISPs, which are provided with notice of this permanent injunction by Plaintiff shall immediately disable service to any and all listings of any infringing product.

**IT IS SO ORDERED.**

Dated: September 30, 2020

_____
EDWARD J. DAVILA
United States District Judge